**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| DAVID DENT<br><br>            Plaintiff,<br><br>vs.<br><br>ITC SERVICE CROUP, INC, *et al.,*<br><br>            Defendants. | 2:12-cv-00009-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>**MOTIONS FOR FINAL APPROVAL OF SETTLEMENT (#26) AND ATTORNEY'S FEES AND ENHANCEMENT PAYMENT (#27)** |

**REPORT & RECOMMENDATION**

Before the court are plaintiff David Dent's Motion for an Order Granting Final Approval of Proposed Class Action Settlement (#26) and Motion for Order Granting Proposed Award of Attorney's Fees and Enhanced Payment to the Representative Plaintiff (#27). Defendants filed a Non-Opposition to the motions (#26 and #27). (#28). The court held a final fairness hearing on August 2, 2013.

Plaintiff asks this court to (1) "grant final approval of the proposed class action settlement of this case and to have a final order and judgment entered in the form previously contemplated by the parties and proposed to the Court," and (2) "grant approval of the proposed award of attorney's fees to class counsel and enhancement payment to the representative plaintiff, David Dent." (#26 and #27).

As discussed below, the undersigned Magistrate Judge finds that the settlement, including the award of attorney's fees and the enhancement payment, is reasonable, fair, and adequate, and recommends granting the relief sought in plaintiff's motions (#26 and #27) and signing the plaintiff's Proposed Order (#31).

## RELEVANT FACTS

On January 4, 2012, plaintiff David Dent filed his complaint on behalf of himself and all persons similarly situated against several defendants, asserting claims for violations of the Fair Labor Standards Act. (#1). Defendants ITC Service Group, Inc., Tim Sauer, Kevin Capps, and Patti Sanderson filed their answer on February 15, 2012. (#8). The parties filed a stipulation on March 9, 2012, to stay the action for the parties to explore a resolution of plaintiff's claims. (#9). On March 27, 2012, the court scheduled a hearing on the stipulation (#9) for April 2, 2012. (#10). The court held a hearing on April 2, 2012, and ordered the parties to file an appropriate stipulation staying the action. (#12). The parties filed a stipulation and proposed order to stay the action until July 31, 2012. (#14). The court signed the stipulation on June 4, 2012. (#15). On February 14, 2013, the parties filed a stipulation and order to amend plaintiff's complaint (#1). (#17). The court scheduled a hearing on the motion (#17) for March 1, 2013. (#18). On February 20, 2013, the court signed the stipulation (#17). (#19). The court vacated the March 1, 2013, hearing. (#20).

On February 26, 2013, plaintiff filed an amended complaint (#21) and an unopposed motion for order granting preliminary approval of proposed class (#22). On February 27, 2013, defendants filed a non-opposition to the motion (#22). (#23). The court issued an order on March 1, 2013, granting preliminary approval of the proposed class (#22). (#24). On March 4, 2013, the court issued an amended order granting preliminary approval of the proposed class settlement and scheduling a final fairness hearing for June 26, 2013. (#25).[1] On May 24, 2013, plaintiff filed an unopposed motion for an order granting final approval of proposed class and collective action settlement (#26) and an unopposed motion for an order granting proposed award of attorneys fees and enhancement payment to the representative (#27). On May 30, 2013, defendants filed a non-opposition to the unopposed motions (#26 and #27). (#28).

---

[1] Any reference herein to the order granting preliminary approval will be to the amended order granting preliminary approval of the class settlement (#25).

On June 10, 2013, plaintiff filed the declaration of Neila Pourhashem of Settlement Administrator Simpluris, Inc., stating that, after multiple attempts and "skip traces to locate new mailing addresses," notice of the settlement was deemed "undeliverable" as to seventeen (17) class members. (#29). The declaration also states that disputes with five (5) class members have been resolved and that they received one (1) valid Request for Exclusion from class member Allen Uran. *Id.* The declaration states that they have received no objections to the settlement. *Id.* The motion for an order granting final approval of proposed class and collective action settlement (#26) and unopposed motion for an order granting proposed award of attorneys fees and enhancement payment to the representative (#27) were referred to the undersigned Magistrate Judge to conduct a final fairness hearing and issue a report and recommendation.

On June 17, 2013, the court issued an order rescheduling the final fairness hearing for August 2, 2013, at 1:00 p.m. (#30). On July 12, 2013, plaintiff filed a proposed order granting final approval of the class settlement. (#31). On July 29, 2013, defendants filed a motion to appear telephonically at the hearing (#32), and the court granted the motion (#33). The court held the final fairness hearing on August 2, 2013. No class members appeared at the hearing. *Id.*

## DISCUSSION

**I.   Proposed Class Settlement and Award of Attorney's Fees and Enhancement Payment**

    **A.   Approval of Class Settlement**

The Manual for Complex Litigation (hereinafter "MANUAL") describes a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement at an informal hearing; (2) dissemination of mailed and/or published notice of the settlement to all affected class members; and (3) a "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented. MANUAL § 21.632.

### 1. Preliminary Approval

As stated above, the District Judge entered an order granting preliminary approval of the class settlement. (#25). The order provided the following relief: (1) granted "preliminary approval of the Settlement and the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"), and conditional certification under 29 U.S.C. 216(b) of the Fair Labor Standard Act ("FLSA"), based upon the terms set forth in the Joint Stipulation of Settlement and Release, (2) held that the "Settlement appears to be fair, adequate and reasonable to the Class," (3) approved "as to form and content, the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval ("Notice of Pendency of Class Action"), in substantially the form attached to the Joint Stipulation of Settlement and Release Between Plaintiff and Defendants as Exhibit A, and the Opt In and Claim Form ("Claim Form") in substantially the form attached thereto as Exhibit B," (4) approved "the procedure for Class Members to participate in, to opt into, to exclude themselves from, and to object to, the Settlement as set forth in the Notice of Pendency of Class Action," (5) directed "the mailing of the Notice of Pendency of Class Action and Proposed Settlement, and the Claim Form by first class mail to the Class Members in accordance with the Implementation Schedule," (6) preliminarily certified the settlement class for settlement purposes only, (7) confirmed plaintiff David Dent as Class Representative, and Leon Greenberg of the Leon Greenberg Professional Corporation as Class Counsel, (8) ordered an implementation schedule, and (9) scheduled a final fairness hearing. *Id.*

The first step of preliminary approval is satisfied. *See* MANUAL §13.14 (stating that a formal hearing is not required at the preliminary approval stage, and the court may grant the parties' motion upon an informal request by the settling parties).

### 2. Dissemination of Notices

In accordance with Rule 23(e)(1)(B), step two requires "the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary

dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL §§ 21.312 and 21.632. Rule 23(e)(1)(B) requires notice in a reasonable manner to "all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." *Id.* "[I]ndividual notice is required, where practicable, in Rule 23(b)(3) actions." *Id.* "In an order preliminarily approving the settlement under Rule 23(e), the judge sets the date for providing notice of the proposed settlement. This order, as well as the notice, should establish the time and place of a public hearing on the proposed settlement and specify the procedure and timetable for opting out, filing objections, and appearing at the settlement hearing." *Id.*

The "notice should announce the terms of a proposed settlement and state that, if approved, it will bind all class members. If the class has been certified only for settlement purposes, that fact should be disclosed. Even though a settlement is proposed, the notice should outline the original claims, relief sought, and defenses so class members can make an informed decision about whether to opt out." *Id.*

Exhibit A to the Settlement Agreement is the "Notice of Pendancy of Class and Collective Action, Proposed Class Action Settlement and Hearing Date for Final Court Approval of Settlement" (#22 Exhibit 1-Exhibit A), which complies with the requirements outlined above. The proposed form of notice was approved by the District Judge, and the court ordered the implementation schedule outlined on Pages 3-5 of the court's order preliminarily approving the class. *See* (#25). Neila Pourshashem of Settlement Administrator Simpluris, Inc. asserts in her declaration that:

(1) On March 13, 2013 Simpluris received from Class Counsel the Notice Packet prepared by the Parties. The Class Notice advised Class Members they could postmark Claim Forms, Requests for Exclusion, or objections to the settlement by May 13, 2013.

(2) On March 21, 2013, counsel for Defendant provided Simpluris with a mailing list ("Class List") which included each Class Member's full name, most recent mailing addresses and

telephone numbers, Social Security Numbers, total overtime hours, and other relevant information needed to calculate settlement payments.

(3) The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.

(4) On March 29, 2013, Notice Packets were mailed to the five hundred thirty (530) Class Members identified in the Class List by First Class mail.

(5) As of this date, eighty (80) Notice Packets were returned by the post office. For those without forwarding addresses, Simpluris performed skip traces to locate new mailing addresses. A total of one hundred eight (108) Notice Packets were re-mailed, either to a newfound address, a forwarding address provided by the United States Postal Service or at the request of the Class Member. Ultimately, after additional searches, seventeen (17) Class Members who have been deemed undeliverable are set forth in Exhibit 1 to this declaration.

(6) As of this date, Simpluris has received a total of one hundred seventy eight (178) Claim Forms. The one hundred seventy four (174) valid claims received from the Participating Class Members represent 32.83% of the entire Settlement Class and have claimed $40,134.82 of the Net Settlement Fund. As of June 10, 2013, four (4)$^2$ Claims are deficient. Simpluris is corresponding with the Class Members to cure the deficiencies. The parties have agreed that if those deficiencies are cured on or prior to the final approval hearing date in this case those claims shall also be paid. Those claims are for an additional $584.98 of the Net Settlement Fund.

(7) Five (5) class members challenged the number of overtime hours reported by them to have been worked. Simpluris worked with the ITC Service Group's attorneys to resolve these disputes. These five (5) disputes have been resolved and Simpluris notified each Class Member of its resolution.

---

$^2$ Counsel represented during the hearing that two (2) of the claims were resolved, and that they were working on a resolution for the remaining two (2). Counsel also stated that the resolution will be contained in the final report.

(8) As of this date, Simpluris has received one (1) valid Request for Exclusion from class member Allen Uran.

(9) As of this date, Simpluris has received no objections to the settlement.

(#29).

The court finds that notice was provided to the class members in accordance with MANUAL §§ 21.312 and 21.632 and Fed. R. Civ. P. 23(e)(1)(B), as each individual class member received "direct notice in a reasonable manner" which set forth the terms of the proposed settlement, the date and time of the final fairness hearing, and the procedure and time frame to opt out, file objections, and/or appear at the hearing.  MANUAL §§ 21.312 and 21.632; Fed. R. Civ. P. 23(e)(1)(B).

### 3.     Final Fairness Hearing

The last step requires the court to conduct a "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented. MANUAL § 21.632.  The court conducted the final fairness hearing in this action on August 2, 2013. No class members appeared at the hearing.

In accordance with § 21.635 of the MANUAL, upon considering the fact that no class members objected and the "diverse interests and the requisite factors [of] the settlement's fairness, reasonableness, and adequacy," the court finds that the proposed class settlement should be approved.   Before making such a determination, the court must find that there is a sufficient record as to the basis and justification of the settlement.  MANUAL § 21.635 (stating that "[e]ven if there are no or few objections or adverse appearances before or at the fairness hearing, the judge must ensure that there is a sufficient record as to the basis and justification for the settlement.").  The court must also make "specific findings as to how the settlement meets or fails to meet the statutory requirements" under Fed. R. Civ. P. 23. *Id.*

### a. Sufficient Basis and Justification for Settlement

The court's ultimate determination that the settlement is "fair, reasonable, and adequate" involves a balancing of the *City of Seattle* factors: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of the class members to the proposed settlement. *City of Seattle*, 955 F.2d at 1291.

The court finds that theses factors, as discussed in the court's order granting preliminary approval of the class settlement (#25), plaintiff's motion for an order granting final approval (#26), and during the hearing, support a finding that the settlement is "fair, reasonable, and adequate." *Id.* The undersigned recommends that the District Judge grant final approval of the settlement. *Id.*

### b. Statutory Requirements Are Satisfied

Pursuant to MANUAL § 21.635, the court must also make "specific findings as to how the settlement meets or fails to meet the statutory requirements" under Fed. R. Civ. P. 23. For the court to certify a class under Fed. R. Civ. P. 23(a), the court must find that the requirements of numerosity, commonality, typicality, and adequacy of representation are met. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Rule 23(b)(3) allows certification of a class action if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL § 21.312. Based on the court's findings in the order granting preliminary approval of the class settlement (#25), plaintiff's representations in the motion for order

granting final approval (#26), and Neila Pourhashem's declaration regarding the notice provided to all potential class members (#29), the court finds that the above requirements are satisfied.

          **c.**       **Requested Enhancement Award, Counsel's Attorneys' Fees, and Counsel's Expenses**

Plaintiff asks this court to award "Class Counsel, Leon Greenberg...fees totaling $37,500 which is equal to 25% of the $150,000 total settlement fund commitment secured for the benefit of the class," and asserts that "Class Counsel seeks no separate award for reimbursement of their expenses and will absorb all such expenses from the fee award." (#27). Plaintiff also asks this court to find reasonable the "enhancement award of $15,000 for the representative...plaintiff David Dent." *Id.*

          **I.**       **Plaintiff Harris' Enhancement Award**

Enhancement "awards are fairly typical in class actions" and are intended to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action and, sometimes, to recognize their willingness to act as a private attorney general." *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646 (S.D. Cal. 2011) (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009)). As the District Court held in its order preliminarily approving the class settlement, plaintiff Dent is an appropriate class representative in this action and approving the enhancement award is justified. (#25).

Under the settlement agreement, Plaintiff Dent will be paid an enhancement award of $15,000.00. (#22 Exhibit 1). Plaintiff argues that plaintiff "subjected himself to a substantial, and detrimental, level of notoriety by instituting this lawsuit," "assumed a significant financial risk by prosecuting this litigation," and "pledged to fully participate in discovery in this case and fully cooperated with Class Counsel in prosecuting this case." (#27). The court finds that the enhancement award of $15,000.00 is appropriate and should be awarded to plaintiff Dent. *See Hartless v. Clorox Co.*, 273 F.R.D. at 646; *Rodriguez*, 563 F.3d at 958–59.

. . .

### ii. Plaintiff's Counsel's Attorneys' Fees and Expenses

The parties agree that plaintiff's counsel should receive attorneys' fees totaling 25% of the $150,000 total settlement. (#27). Plaintiff argues that "[s]uch requested fee award is reasonable and proper under both the percentage of common fund and lodestar analysis that are used to determine class counsel fee awards. Indeed, such fee is less than would be justified, and is typically awarded, under the circumstances in a class case." *Id.* Plaintiff also argues that "[c]lass counsels' request for an award of 25% of the fund created by their efforts, which award is $37,500 and fund is $150,000, is reasonable. The Court's Amended Order preliminarily approving the settlement provided, based upon its incorporation of the parties' stipulation, that no award of attorney's fees in excess of $37,500 would be paid to Class Counsel." *Id.*

The court has broad discretion in awarding attorneys' fees in class actions and must consider several factors before awarding such fees. *Lobatz v. U.S. W. Cellular of Calif., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Fischel v. Equitable Life Assurance Soc'y of the United States*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Fischel,* 307 F.3d at 1007 n.7.

After considering these factors, and the representations in both the motion for an order granting proposed award of attorney's fees and enhancement payment (#27) and the non-opposition (#28), the court finds that the District Judge should approve plaintiff's counsel's attorneys' fees and expenses. *See Id.*

## **RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff David Dent's Motion for an Order Granting Final Approval of Proposed Class Action Settlement (#26) and Motion for Order Granting Proposed Award of Attorney's Fees and Enhanced Payment to the Representative Plaintiff (#27) be GRANTED.

IT IS FURTHER RECOMMENDED that the District Judge sign the Proposed Order Granting Final Approval of the Class and Collective Settlement, Class Representative's Enhancement Award, and Attorney's Fees and Costs, and Entering Judgment (#31).

IT IS FURTHER RECOMMENDED that the court:

(1) Certify the class proposed by plaintiff;

(2) Approve the Settlement Agreement (#22 Exhibit 1);

(3) Order defendants to pay Class Counsel the sum of $37,500.00 for reasonable and necessary attorneys' fees and expenses, and that the award of attorneys' fees and expenses be administered pursuant to the terms of the Settlement Agreement (#22 Exhibit 1);

(4) Order defendants to pay Plaintiff Dent the enhancement award of $15,000.00;

(5) Approve and order payment from the Maximum Settlement Amount for actual claims administration expenses incurred by Simpluris, Inc. in the amount of $12,000.00;

(6) Order the payment schedule and other post-fairness hearing deadlines be administered as provided within the Implementation Schedule set forth within the Court's Preliminary Approval Order (#25);

(7) Enter final judgment and dismiss all claims asserted by plaintiff Dent and the Class *with prejudice*.

. . .

. . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE