Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID DENT, Individually and on behalf of a class of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>ITC SERVICE GROUP, INC., TIM SAUER, KEVIN CAPPS, AND PATTI SANDERSON, Defendants. | Case No. 2:12-cv-00009-JCM-VCF<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF AUGUST 6, 2013 AND GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CLASS REPRESENTATIVE'S ENHANCEMENT AWARD, ATTORNEYS' FEES AND COSTS, AND JUDGMENT**<br><br>Complaint Filed: January 4, 2012<br>FAC Filed:  February 26, 2013<br>Trial Date:  None Set |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Before the Court is Plaintiff's Motion for Final Approval of Class and Collective Action Settlement, and Plaintiff's Motion for Award of Attorneys' Fees and Costs. On August 6, 2013, Magistrate Judge Cam Ferenbach issued a Report and Recommendation that Recommended the Granting of such motion, Docket #35. The Court hereby adopts such Report and Recommendation and incorporates all of the findings and conclusions made therein and makes the following findings and Orders the following relief.

The Parties' hybrid class and collective Settlement in this case was preliminarily approved

by this Court on March 1, 2013. Pursuant to the Court's Amended Preliminary Approval Order of March 1, 2013 and the Notice provided to the Class, Magistrate Judge Cam Ferenbach of this Court conducted a final approval hearing on August 2, 2013 and issued a Report and Recommendation that the requested final approval of the settlement be granted in accordance with its proposed terms. Consistent with the Court's Amended Preliminary Approval Order ("Preliminary Approval Order"), filed and entered March 4, 2013, and as set forth in the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendants ("Stipulation" or "Settlement") in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed, objections submitted, arguments made, and proceedings had herein, and otherwise being fully informed and good cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation, and the Order shall be referred to herein as "the Final Order."

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

3. Consistent with the definitions provided in the Stipulation, the "FLSA Plaintiffs" shall consist of all persons employed by Defendants in Arizona, California, Colorado, Florida, Idaho, Kentucky, Missouri, Nevada, North Carolina, Ohio, Texas, Virginia, and West Virginia who received TEC Pay and/or Taxable Vehicle Pay, and worked overtime, between January 4, 2009 and March 1, 2013, and who affirmatively opted into the FLSA Settlement by returning timely and valid claim forms electing to opt in as FLSA Plaintiffs and participate in the Settlement. The "Rule 23 Class" shall consist of all persons employed by Defendants in Arizona, California, Colorado, Florida, Idaho, Kentucky, Missouri, Nevada, North Carolina, Ohio, Texas, Virginia, and West Virginia who received TEC Pay and/or Taxable Vehicle Pay, and worked overtime, between January 4, 2009 and March 1, 2013 and who did not submit a valid Request for Exclusion (i.e., do not opt out of the Settlement) as provided for in the Settlement. The only such person to so exclude themselves from the Rule 23 Class is Allen Uran who shall not be part

of the class and whose legal rights will continue unaffected by this Order. Also excluded from the Rule 23 Class are the 17 persons that have been mailed a Notice and Claim Form as provided for in the Preliminary Approval Order but are confirmed to have not received that Notice and Claim Form, such persons being listed on Ex. "1" of the Declaration of Neila Pourhashem of Setttlment Administrator Simpluris, Inc. ("Settlement Administrator"), filed at Docket #29. The Settlement Administrator's records as to who opts in as FLSA Plaintiffs by returning a valid and timely Claim Form, and as to who opts out of the Rule 23 Class by submitting a valid Request for Exclusion, are final and binding. The FLSA Plaintiffs and the Rule 23 Class are referred to collectively in this Order as the "Settlement Classes" and "Class Member(s)." The Settlement Classes, however, shall not include any person who previously settled or released the claims covered by this Settlement, any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement, or any person who submits a timely and valid Request for Exclusion as provided in this Settlement.

4. Distribution of the Notice and Claim Form directed to the Class Members as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and this Final Order as provided herein.

5. The Court finds the Settlement was entered into in good faith. The Court approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably

evaluate their respective positions. The Court also finds that Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds that the Settlement Classes are properly and finally certified as a class pursuant to Rule 23(b)(3) of the FRCP, and as a collective action under 29 U.S.C. 216(b) of the Fair Labor Standard Act, for settlement purposes only. The Settlement is hereby finally approved.

6. As of the date of entry of this Final Order, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member fully releases and discharges Defendants, and all past, present and future parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, and employees of Defendants, and agents, attorneys, insurers, predecessors, successors and assigns of any of the foregoing, and any individual or entity which could be jointly liable with any of the foregoing ("Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of any nature under federal law, and state and local law in Arizona, California, Colorado, Florida, Idaho, Kentucky, Missouri, Nevada, North Carolina, Ohio, Texas, Virginia, and West Virginia, arising out of or related to the allegations made in the Action and that reasonably arise out of the facts alleged in the Action, including but not limited to claims for or related to hours worked, overtime or double time wages, wages, minimum wages, regular rate of pay, timely payment of wages at separation, wage statements, payroll records as required by law, methods of payment, additional 401(k) benefits and/or deferred compensation benefits and/or matching benefits for payments received under the Settlement, unfair competition, unfair business practices, unlawful business practices, fraudulent business practices, breach of contract, fraud, misrepresentation, injunctive relief, penalties, punitive damages, liquidated damages, treble damages, interest, fees, costs, punitive damages, liquidated damages, treble damages, and all other claims and allegations made in the Action and that arise out of the facts alleged in the Action from January 4, 2009, up to and through the date of entry of this Final Order ("Released Claims"). In addition, as of the date of entry of this Final

Order, the Class Representative and the Class Members are forever barred and enjoined from instituting or accepting any additional damages, awards or relief for the Released Claims. Only FLSA Plaintiffs release FLSA claims; Class Members who do not opt out of the Rule 23 Class and are not FLSA Plaintiffs do not release the FSLA claims, but do release all other Released Claims. By and through this Settlement, each Class Member forever agrees he/she shall not be entitled to pursue, accept or recover damages for any Released Claims against the Released Parties from January 4, 2009, through and including the date of this Final Order. The Court hereby finds and orders that the Settlement is and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendants and the Released Parties.

7. Neither the Settlement nor any of the terms set forth in the Stipulation is an admission by Defendants, or any of the other Released Parties, nor is this Final Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendants, or any of the other Released Parties. Neither this Final Order, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as, an admission by or against Defendants, or any of the other Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants, or any of the other Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Order, the Stipulation, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Final Order, the Stipulation, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, *collateral estoppel*, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. The Court hereby enters judgment, and dismissal of the entire Action with prejudice, as of the filing date of entry of this Final Order, pursuant to the terms set forth in the

1  Settlement.  Without affecting the finality of this Final Order in any way, the Court hereby retains
2  continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement
3  and all orders entered in connection therewith to the fullest extent necessary or convenient to
4  enforce and effectuate the terms of the Settlement and the matters provided for therein.

5        9.      The Court hereby finds the settlement payments provided for under the Stipulation
6  of Settlement to be fair and reasonable in light of all the circumstances.  The Court, therefore,
7  orders the calculations and the payments to be made and administered in accordance with the
8  terms of the Settlement.

9        10.     The Court hereby confirms Leon Greenberg of the Leon Greenberg Professional
10  Corporation as Class Counsel.

11        11.     Pursuant to the terms of the Settlement, and the authorities, evidence and argument
12  submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees and costs in
13  the amount of $37,500.00 from the Maximum Settlement Amount as final payment for and
14  complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class
15  Counsel and any other person or entity related to the Class Counsel.  The Court further orders that
16  the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to
17  the terms of the Stipulation of Settlement and transferred and/or made payable to the Leon
18  Greenberg Professional Corporation as Class Counsel in the Action.

19        12.     Named Plaintiff, David Dent, has applied for compensation for his time and effort
20  spent on behalf of Class Members, and in exchange for his general release of all potential legal
21  claims against Defendants.  The Court hereby approves and orders an Enhancement Award of
22  $15,000.00 to Plaintiff from the Gross Settlement Amount for acting as the Class Representative.

23        13.     The Court also hereby approves and orders payment from the Maximum
24  Settlement Amount for actual claims administration expenses incurred by Simpluris, Inc. in the
25  amount of  $12,000.00.

26        14.     The Settlement shall become effective upon the Effective Date as provided in the
27  Stipulation.

28        15.     The Court orders the payment schedule be administered as provided within the

1  Implementation Schedule set forth within the Court's Preliminary Approval Order.

2      16.    Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, the Court also hereby orders the deadline for mailing the Court-approved settlement awards, attorneys' fees and costs, and service payment is as set forth in the Implementation Schedule within the Preliminary Approval Order, that the deadline for the Claims Administrator to file proof of payment of settlement awards, service payment, attorneys' fees and costs is as set forth in the Implementation Schedule within the Preliminary Approval Order, and that the deadline for Class Counsel to file a joint request to hold opt-in Class Members to be FLSA Plaintiffs covered by and bound to the Settlement as set forth in the Implementation Schedule within the Preliminary Approval Order.

**IT IS SO ORDERED.**

Dated: September 27, 2013

_____
HONORABLE JAMES C. MAHAN
JUDGE OF THE UNITED STATES
DISTRICT COURT